### KENNETH JOHNSON v. STATE.

No. A-8636.   June 22, 1934.
(33 Pac. [2d] 812.)

J. H. Long, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of robbery with firearms, and was sen-

tenced to life imprisonment in the state penitentiary. At the time charged, the State National Bank of Marlow was robbed of about $4,300 by four persons who came to the bank in two automobiles. One remained outside with a revolver, while three entered the bank and with revolvers held up two employees in charge and some customers who were in the front of the bank. One of the three, identified as the defendant, remained in the lobby outside the bank fixtures and directed the proceedings. Two others went behind and secured the money, after which they locked the employees and several customers in the vault. While taking the money, one of the robbers touched an alarm system which connected with certain other places outside, and, as the three came out, citizens, warned by the alarm system, attempted to interfere, and a considerable fusillade of shots followed, but no one was hit. As the robbers left, they forced two boys who were outside the bank to go with them as hostages, or as shields to prevent any one shooting at the party. The fifth member of the party was outside the town with another car which furnished the means of escape. The identification of defendant is positive. The defense is an alibi. It is not contended the evidence is insufficient.

Argument is made that the court erred in permitting four jurors who were depositors of the bank to sit in the trial of the case. No authorities in support of the contention are cited. This court in Mathews v. State, 19 Okla. Cr. 153, 198 Pac. 112, 113, held:

"The mere fact that a prospective juror is a depositor in the bank interested in the prosecution of the defendant will not disqualify such juror, where it is not shown that his business relations are such as might influence his verdict or cause the bank to oppress him or place him at the mercy of the bank."

In 35 C. J. § 337, p. 322, it is stated:

"* * * So the mere fact that a person is a depositor in a bank does not, ipso facto, disqualify him to serve as a juror in cases where the bank is interested or is the injured party in the criminal prosecution. * * *"

See, also, Elliott v. State, 77 Fla. 611, 82 So. 139. We see no reason for modifying the rule stated in the Mathews Case.

The principal argument made is that the punishment assessed is too severe and indicates passion and prejudice, and that this court, as a matter of justice, should reduce it. In support of this claim, defendant asserts there is no showing defendant engaged in the shooting immediately following the robbery, and, since no one sustained any physical hurt, it is so excessive as to amount to a miscarriage of justice. The extreme punishment in a case of robbery with firearms may be death. Section 2543, Okla. Stat. 1931. It is questionable whether this court would sustain the extreme penalty of death in a case of robbery where no person was injured in the consummation of the robbery. But the assessing of life imprisonment in an extremely aggravated case of robbery, as appears from the evidence here, although no one sustained physical hurt, is not per se excessive. The evidence here establishes the criminal character of defendant and his associates and their readiness, by the use of firearms, to kill any one who might interfere with their designs to rob the banking institution, and to kidnap and endanger the life of others in making their escape. It was a matter of good fortune rather than any good purpose on the part of defendant and his associates, that no one was hurt in the commission of this crime. Justice does not require a reduction of punishment by this court.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.